IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RONALD L. HILL                                                                                                    PLAINTIFF
REG. #15295-045

V.                                      NO: 2:10CV00015 JMM/HDY

M. CHAPMAN *et al.*                                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Forrest City Federal Prison Camp, filed this *pro se* complaint (docket entry #2), pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on February 2, 2010, alleging his constitutional rights were violated in connection with his prison work assignment.  On May 3, 2010, Defendants filed a motion to dismiss, along with a brief in support (docket entries #11 & #12).  Plaintiff filed a response in opposition on June 2, 2010 (docket entry #17).

### I.  Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he was wrongly denied a prison work position.  Plaintiff named as Defendants four prison officials in their official capacities (see Complaint at docket entry #2, page #2 where Plaintiff marked "official capacity only").  Defendants assert that Plaintiff's complaint should be dismissed due to the doctrine of sovereign immunity.  A suit against an employee of a federal agency in his or her official capacity is treated as a suit against the agency itself, and a *Bivens* suit cannot be prosecuted against the United States and its agencies because of sovereign immunity.  *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).  Plaintiff named all four Defendants in their official capacities only.  Although Plaintiff asserts in his response that the Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity, Plaintiff has not named the United States as a Defendant.  The United States is the only proper Defendant for actions under the FTCA, 28 U.S. C. § 1346(b)(1).  Plaintiff has not sought the permission of the Court to amend his pleadings to assert either individual capacity claims against the currently named

Defendants or a Federal Tort Claim against the United States. Accordingly, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.Defendants' motion to dismiss (docket entry #11) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   15   day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE